UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **DEMETRIUS HILL,** | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:09-cv-01637-CLS-RRA |
| **HARLEY LAPPIN, et al.,** | ) |
| Defendants. | ) |

### MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on April 2, 2010, recommending that this action, filed pursuant to 42 U.S.C. § 1983, be dismissed under 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted. (Doc. no. 15.) The plaintiff filed objections to the report and recommendation on April 12, 2010. (Doc. no. 16.)

In his objections, the plaintiff restates his claim that forced double-celling in the Special Housing Unit (SHU) and Special Management Unit (SMU) of Talladega Federal Correctional Institution constitutes cruel and unusual punishment. The plaintiff also complains that the court is "holding [him] to a significantly higher pleading standard than required for pro se litigants." (Doc. no. 16 at 3.) He contends that he "does not have to wait until he is assaulted or defendants attempt to double cell him before seeking judicial intervention and/or relief." *Id.* at 4.

Double-celling is not, by itself, constitutionally impermissible. *See Rhodes v. Chapman*, 452 U.S. 337, 348 (1981). The plaintiff does not allege in his complaint or objections that he has been or is currently celled with an inmate who poses a substantial risk of harm to him while housed in the special housing unit. Indeed, the plaintiff states in his objections, "The plaintiff is in imminent danger as the [defendant] Warden Reese and Unit Manager Elston have already stated their intentions to forcibly double cell everyone in S.M.U. at Talladega." (Doc. no. 16 at 3.) In other words, the plaintiff seeks relief based on a mere assumption that once prison officials institute a plan to double cell inmates, he will be housed with a violent inmate who will pose a significant threat to him. The plaintiff's speculative and conclusory allegations are insufficient to warrant relief.

Additionally, the plaintiff states in his objections, "Should the district court conclude the complaint insufficient . . . he be allowed 45 days to amend said complaint . . . . Plaintiff requests to be allowed to amend the complaint to sue each named defendant, add new ones, in their individual capacities." (Doc. no. 16 at 4.) It is well settled that motions to amend are addressed to the sound discretion of the trial judge. *See Gramegna v. Johnson*, 846 F.2d 675, 678 (11th Cir. 1988); *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984). While that discretion is tempered by the proviso of Fed. R. Civ. P. 15(a) that "leave shall be freely given when justice

requires," it is clear that "a motion to amend may be denied on 'numerous grounds, such as undue delay, undue prejudice to the defendants, and futility of the amendment.'" *Carruthers v. BSA Advertising, Inc.*, 357 F.3d 1213, 1218 (11th Cir. 2004)(internal citations omitted).

The plaintiff has failed to allege facts sufficient to support an Eighth Amendment failure to protect claim based on the prison's proposed plan to double cell. Therefore, to allow the plaintiff to amend his complaint merely to name defendants in their individual capacities or name additional defendants, without the necessary factual basis to support relief, would be futile, as the claim would be subject to *sua sponte* dismissal pursuant to 28 U.S.C. § 1915A(b).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be, and it hereby is, ADOPTED, and the recommendation is ACCEPTED. Accordingly, the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted. A Final Judgment will be entered.

DONE this 30th day of April, 2010.

_____
United States District Judge

3